## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| THE ESTATE OF WALTER PARKER, and LINDA PARKER,<br><br>Plaintiffs,<br><br>v.<br><br>SYNGENTA CROP PROTECTION LLC, and CHEVRON U.S.A. INC.,<br><br>Defendants. | Case No. _____<br><br>(Formerly Case No. 50-2021-CA-009421-XXXX-MB in the Circuit Court of the Fifteenth Judicial Circuit, Palm Beach County, Florida) |

### NOTICE OF REMOVAL

Defendant Syngenta Crop Protection LLC ("Syngenta") and Chevron U.S.A. Inc. ("Chevron"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby remove the above-captioned action from the Circuit Court of the Fifteenth Judicial Circuit, Palm Beach County, Florida, case number No. 50-2021-CA-009421-XXXX-MB, to the United States District Court for the Southern District of Florida. Removal is proper because the Court has diversity jurisdiction over this case, and Syngenta and Chevron have satisfied all requirements for removal. In support of removal, Syngenta and Chevron provide this "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

### NATURE OF REMOVED ACTION

1. On August 4, 2021, Plaintiffs filed this action, *Parker v. Syngenta Crop Protection LLC, et al.*, in the Circuit Court of the Fifteenth Judicial Circuit, Palm Beach County, Florida, case number 50-2021-CA-009421-xxxx-MB, alleging claims based upon exposure to products containing paraquat and Plaintiff Walter Parker's subsequent diagnosis with Parkinson's disease.

2. The Complaint asserted three causes of action against Syngenta and Chevron, namely: Count I – Negligence; Count II – Strict Liability; and Count IV Loss of Consortium. The

Complaint also asserted a claim against Defendant United States Sugar Corporation ("U.S. Sugar") under the tort exception to workers' compensation immunity (Count III – Tort Exception to Workers' Compensation Immunity Against Employer U.S. Sugar).

3. The thrust of Plaintiffs' allegations is that by manufacturing, distributing, or selling products containing paraquat, Syngenta and Chevron exposed Walter Parker to an increased likelihood of developing Parkinson's disease, a disease that he was later diagnosed with and purportedly passed away from.

4. This alleged conduct allegedly harmed Plaintiffs in the form of wrongful death, physical pain, mental anguish, loss of consortium, and medical expense.

5. Over 4,500 similar cases—alleging Parkinson's disease based on past exposure to paraquat—have been filed against Syngenta and Chevron in federal courts around the country, and the vast majority have been consolidated into a multidistrict litigation ("MDL") in the Southern District of Illinois. *See In re: Paraquat Prods. Liab. Litig.*, 3:21-md-03004 (S.D. Ill. 2021). Progress for bellwether trials in the MDL is proceeding apace, with *Daubert* and summary judgment briefing complete, along with new cases regularly being directly filed in the MDL or transferred to it.

6. Defendants Syngenta and Chevron previously removed this case on September 22, 2021, based on both diversity jurisdiction and federal question jurisdiction. *Parker v. Syngenta Crop Protection LLC et al.*, No. 9:21-CV-81791, ECF No. 1 (S.D. Fla.). On October 1, 2021, Syngenta and Chevron moved to stay proceedings pending transfer to the MDL by the Judicial Panel on Multidistrict Litigation ("JPML"), and Plaintiffs moved to remand on that same day, *id.*, ECF No. 12. On October 7, 2021, the Court stayed the case pending MDL transfer, administratively closed the case, and denied all pending motions as moot. *Id.*, ECF No. 16.

Plaintiffs then moved for reconsideration on October 14, 2021, *id.*, ECF No. 17, which the Court later denied on November 3, 2021, *id.*, ECF No. 19.

7. On December 10, 2021, the JPML transferred this action to the MDL. *Parker v. Syngenta Crop Protection LLC et al.*, No. 3:21-pq-01654, ECF No. 21 (S.D. Ill.). On December 22, 2021, Plaintiffs renewed their motion to remand. ECF No. 24. And on November 8, 2022, the MDL granted that motion, concluding that diversity jurisdiction did not exist because U.S. Sugar was a properly named defendant and had not been fraudulently joined and that federal question jurisdiction did not exist, either. *Id.* ECF No. 34.

8. Mr. Parker passed away on or about October 2, 2022. *Parker v. Syngenta Crop Protection LLC et al.*, No. 50-2021-CA-009421-XXXX-MB, Dkt. No. 39. On May 6, 2023, Ms. Parker filed a Motion for Substitution of Party, requesting "leave to substitute Linda Parker, in her capacity as the Personal Representative of the Estate of Walter Parker, as a Plaintiff in this action for, instead, and in lieu of Plaintiff Walter Parker." *Id.*, Dkt. No. 44. The state court granted Ms. Parker's Motion on June 26, 2023. *Id.*, Dkt. No. 45.

9. On July 7, 2023, Plaintiffs filed a Motion for Leave to Amend and attached what is now the operative Amended Complaint ("Am. Compl."), *id.*, Dkt. No. 47, which the state court granted on July 11, 2023, *id.*, Dkt. No. 48.[1]

10. On August 10, 2023, Syngenta moved to dismiss certain claims, *id.*, Dkt. No. 49, and Chevron joined in that motion, *id.*, Dkt. No. 52. On that same day, U.S. Sugar moved to dismiss the claims against it as well. *Id.*, Dkt. No. 50.

---

[1] The Amended Complaint asserts the same causes of action as the original Complaint, with an added count for wrongful death (Count V).

3

11. On September 18, 2023, Plaintiffs moved for leave to file a second Amended Complaint. *Id.*, Dkt. No. 58.

12. On November 9, 2023, U.S. Sugar moved to stay discovery against it until the state court ruled on its motion to dismiss. *Id.*, Dkt. No. 64.

13. On November 13, 2023, U.S. Sugar was voluntarily dismissed without prejudice. *Id.*, Dkt. No. 66.

14. It is undisputed that this case is now subject to removal on the grounds of diversity jurisdiction because complete diversity of citizenship exists between Plaintiffs and the remaining Defendants, as U.S. Sugar has recently been dismissed from the case: Plaintiffs are citizens of Florida, Chevron is a citizen of Pennsylvania and California, and Syngenta is a citizen of Delaware. And as set forth below, Plaintiffs have advised that they do not intend to seek to remand this action. *See infra* at 5 n.3.

15. In accordance with 28 U.S.C. § 1446(a) and the Local Rules of this Court, a copy of the Operative First Amended Complaint is attached as **Exhibit A**. A copy of all other process, pleadings, and orders served on Syngenta and Chevron or otherwise on file with the state court are attached as **Exhibit B**.[2] And a copy of U.S. Sugar's dismissal is attached as **Exhibit C.**

## TIMELINESS OF REMOVAL

16. On November 13, 2023, U.S. Sugar was dismissed from this case. There is no dispute between the parties that the case is now removable because complete diversity exists between the remaining parties. Accordingly, this notice of removal is timely. *See, e.g.*, 28 U.S.C. § 1446(b)(3) (notice of removal "may be filed within 30 days after receipt by defendant, through

---

[2] Defendants have attached the most recent state court record available as of filing. To the extent that record is not up-to-date, Defendants will supplement accordingly.

4

service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable").[3]

## PROPRIETY OF VENUE

17. Venue is proper in this Court under 28 U.S.C. § 1441(a) because the Circuit Court of the Fifteenth Judicial Circuit, Palm Beach County, Florida—where the state court action was pending before removal—is a state court within this federal district and division.

## BASIS OF REMOVAL

### Diversity Jurisdiction

18. Removal is proper under 28 U.S.C. §§ 1332 and 1441 because complete diversity exists between the properly joined parties, and the amount in controversy exceeds $75,000.

19. Plaintiffs are both citizens of the state of Florida. Am. Compl. ¶ 2.

20. Syngenta is an LLC with its headquarters in Greensboro, North Carolina. But an LLC is a citizen of the States in which its members reside, not the State where its principal place of business is located, and, where applicable, a court must trace an LLC's citizenship through multiple layers of ownership. Syngenta's sole member is Syngenta Seeds, LLC, which is headquartered in Downers Grove, Illinois. The sole member of Syngenta Seeds, LLC is Syngenta Corporation, which is incorporated and headquartered in Delaware. Syngenta is therefore a citizen only of the State of Delaware.

---

[3] Plaintiffs have indicated that they waive, and do not intend to assert, any procedural objection to the removal of this action on timeliness grounds, including the one-year limitation of removal of claims based on diversity jurisdiction. *See* **Exhibit D** (email regarding waiver); *King v. Gov't Emps. Ins. Co.*, 579 F. App'x 796, 800 (11th Cir. 2014) (per curiam) (collecting cases holding "that the timeliness of removal is a procedural defect, not a jurisdictional one").

21. Chevron is headquartered in San Ramon, California and incorporated in the state of Pennsylvania, and it is thus a citizen of those two states. *See Hertz Corp. v. Friend,* 559 U.S. 77, 80-81 (2010) (citing 28 U.S.C. § 1332(c)(1)).

22. Complete diversity thus exists between the remaining parties.

23. Finally, the amount in controversy in this proceeding exceeds $75,000. A notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). The defendant is required only to present evidence supporting that plausible allegation if the allegation is challenged by the plaintiff or the court. *Id.* However, the court may review any evidence submitted with the notice of removal, as well as make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" to determine whether the amount in controversy has been met. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

24. When a plaintiff does not make "a specific demand in the *ad damnum* clause of the complaint, the damages are unspecified, and the preponderance of evidence standard applies." *See Barnes v. JetBlue Airways Corp.*, No. 07-cv-60441-CIV-COHN, 2007 WL 1362504, at *1, n.1 (S.D. Fla. May 7, 2007). Under this standard, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

25. Although alleged "minor, short-term injuries" are not sufficient to show the amount in controversy absent other evidence, complaints alleging "serious, lasting" injuries are "typically removable[.]" *Hickerson v. Enter. Leasing Co. of Georgia, LLC*, 818 F. App'x 880, 883 (11th Cir. 2020) (per curiam).

26. The amount in controversy is met here because Plaintiffs seek substantial monetary damages for wrongful death, physical pain, mental anguish, loss of consortium, and medical expenses as a result of Mr. Parker's alleged diagnosis with, and purported death from, a serious long-term illness—Parkinson's disease. Am. Compl. ¶¶ 40-48. Indeed, the cost of Parker's medical treatment alone likely satisfies the $75,000 requirement. *See* Matthew Gavidia, "Study Details Economic Burden of Parkinson's Disease in the United States," *available at* https:www.ajmc.com/view/study-details-economic-burden-of-parkinson-disease-in-the-united-states.

## OTHER REMOVAL ITEMS

27. Under 28 U.S.C. § 1446(b)(2)(A), all remaining Defendants that have been properly joined must join or consent to removal.

28. Syngenta and Chevron consent to removal, as indicated by counsel's signatures below.

29. Pursuant to 28 U.S.C. § 1446(d), Syngenta and Chevron are contemporaneously filing a Notice of Filing Notice of Removal with the clerk of the state court where the lawsuit has been pending and will serve that notice on Plaintiffs.

**WHEREFORE**, Syngenta and Chevron remove this action, now pending in the Circuit Court of the Fifteenth Judicial Circuit, Palm Beach County, Florida, case number 50-2021-CA-009421-XXXX-MB, to this Court.

Dated: December 11, 2023

Respectfully submitted,

/s/ Joshua C. Webb
Dennis P. Waggoner (FBN 509426)
dennis.waggoner@hwhlaw.com
julie.mcdaniel@hwhlaw.com
Joshua C. Webb (FBN 051679)
joshua.webb@hwhlaw.com
val.taylor@hwhlaw.com
HILL, WARD & HENDERSON, P.A.
101 E. Kennedy Boulevard – Suite 3700
Tampa, FL  33602
(813) 221-3900 – Phone
(813)221-2900 – Fax
**Attorneys for Defendant Syngenta Crop Protection LLC**


/s/ Jennifer A. Cecil
Jennifer A. Cecil (FBN 99718)
HUSCH BLACKWELL LLP
8001 Forsyth Blvd., Suite 1500
St. Louis, Missouri, 63105
314-480-1500
Jennifer.Cecil@huschblackwell.com

**Attorney for Defendant Chevron U.S.A. Inc.**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 11, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court, and that a copy of the foregoing is being furnished by U.S. Mail and e-mail to counsel for Plaintiffs at the following addresses:

C. Calvin Warriner, III (ccw@searcylaw.com; clb@searcylaw.com)
Searcy Denney Scarola Barnhart & Shipley,
P.A. 2139 Palm Beach Lakes Blvd.
West Palm Beach, Florida 33409

Gibbs C. Henderson (ghenderson@ntrial.com)
Morgan Latin (mlatin@ntrial.com; trial@ntrial.com)
Nachawati Law Group
5489 Blair Rd.
Dallas, TX 75231

                                            */s/ Joshua C. Webb*
                                            Attorney